UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNION PACIFIC RAILROAD CO., § | |
| § | |
| *Petitioner* § | |
| § | |
| v. § | Civil Action No.  SA-17-CV-270-XR |
| § | |
| THE AMERICAN RAILWAY & AIRWAY § | |
| SUPERVISORS' ASSOCIATION, a Division § | |
| of the Transportation Communications § | |
| Union/IAM, and ROLAND BELTRAN, § | |
| § | |
| *Respondents*. § | |

**ORDER**

On this date, the Court considered Respondent Roland Beltran's Opposed Motion to Correct Clerical Error, Oversight, or Omission in Final Judgment (ECF No. 45), and the Response and Reply thereto. After careful consideration, the Court will deny the motion.

**Background**

Roland Beltran, Respondent, worked for Union Pacific Railroad Co., Petitioner, ("UP") as a carman apprentice and later a car foreman. ECF. Nos. 1, 5. His position made him subject to drug and alcohol testing. In November 2014, Beltran allegedly tested positive for both amphetamine and methamphetamine. ECF. Nos. 1, 5, 21. On January 9, 2015, UP notified Beltran that, based on its investigation and hearing, it was dismissing him from employment. ECF. No. 21. The American Railway & Airway Supervisors' Association ("ARASA") progressed the claim to arbitration before a Public Law Board ("the Board"). ECF. No. 21. On December 22, 2016, the Board found that Beltran "should be returned to work, without back pay, but with seniority and other benefits intact." ECF. No. 21. As a condition of his return to work, Beltran was "required to re-enter and complete

1

the Carrier's EAP program, prior to his return to work, and once restored to service, he is required to be subject to random testing and remain drug free for a period of seventy-two months."

Instead of returning Beltran to service, on March 31, 2017, Petitioner UP filed suit asking the Court to review and set aside the Board's order. On April 21, 2017, Beltran and ARASA answered the complaint and filed a counterclaim, asking the Court to require UP to comply with the Board's order, including by reinstating Beltran to employment pursuant to the terms of that award, to award ARASA and Beltran their reasonable attorneys' fees and costs, and to "award such other relief as may be appropriate." ECF. No. 5. There was no request for back wages or damages based on the delay in reinstatement.

On July 28, 2017, UP filed a motion for summary judgment, stating that both parties agreed there were no disputed issues of material fact and the case could be resolved on cross-motions for summary judgment. ECF. No. 19. UP's motion argued that the arbitration award was outside the jurisdiction of the Board and violated public policy. Respondents filed a cross motion for summary judgment on August 18, 2017, requesting (1) an order for UP to comply with the Board's award by reinstating Beltran upon his satisfying the conditions of the award; (2) ordering UP to provide Beltran with all wages and benefits lost from (a) January 22, 2017, and continuing until the date he has begun to comply with the conditions of the award; and (b) resuming upon the date he has satisfied these conditions and continuing until the date Petitioner returns him to service; (3) award Respondents attorneys' fees; and (4) any and all other relief the Court deems necessary. ECF. No. 21. Although the four-page motion sought back wages, the summary judgment briefing did not address this requested relief. Nor do the response briefs discuss the propriety or amount of back wages.

On January 26, 2018, the Court granted UP's motion for summary judgment on the basis that the Board's order violated public policy. ECF. No. 24. Respondents appealed. On December 16, 2020, the Fifth Circuit held that the Board did not violate public policy and all other relevant arguments were waived; therefore, the Court reversed and remanded this case for further proceedings. ECF. No. 33. The mandate issued on February 10, 2021. On February 12, 2021, the Court directed the parties to confer and submit an advisory, either jointly or separately, "as to what remains to be done in this case in light of the Fifth Circuit's decision and mandate." ECF No. 34.

The parties filed a Joint Statement Regarding Further Proceedings on March 1, 2021, agreeing that in light of the Fifth Circuit's decision, "it is now appropriate for the Court to issue an order: (1) Denying Union Pacific's motion for summary judgment and granting Respondents' motion for summary judgment; (2) Enforcing Award No. 101 of Public Law Board No. 5514; and, (3) Permitting Respondents to file a motion for attorneys' fees and costs pursuant to 45 U.S.C. § 153, First(p), and establishing a schedule for the submission of an application for fees and costs within 30 days, the filing of any response or opposition within 30 days thereafter, and with a reply, if any, to be filed within 10 days." ECF. No. 37. Nothing in the Joint Statement mentioned an award of back wages.

On March 2, 2021, based on the parties' Joint Statement, the Court entered a final judgment that granted Respondents' motion for summary judgment, denied Petitioner's motion for summary judgment, reinstated the Board's award and ordered UP to comply with the award, and set a briefing schedule for attorneys' fees and costs. ECF. No. 39. The parties then briefed attorneys' fees and costs, and the Court entered an award granting fees and costs to Respondents on June 15, 2021. ECF No. 43.

On July 28, 2021, Beltran filed the instant Rule 60(a) "Motion to Correct Clerical Error, Oversight, or Omission in Final Judgment." ECF. No. 45. Beltran contends that "the Court granted Respondents' motion for summary judgment without limitation but omitted in its judgment the relief the motion requested regarding lost wages." *Id*. Beltran moves the Court to enter a corrected final judgment reflecting "an award of lost wages and benefits as requested in Respondents' motion for summary judgment." *Id*. Beltran contends that he never agreed for back pay to be absent from the judgment, and the parties agreed for the Court to grant his motion for summary judgment, which included the request for an award of back pay. Beltran contends that UP should have requested that the back pay request be denied if that was to be omitted from the judgment. Beltran argues that, because the Court granted the motion for summary judgment rather than granting it in part and denying it in part, it granted all the relief requested, including the request for back pay, and the omission from the judgment was therefore a clerical error rather than a substantive mistake.

UP opposes the motion, arguing that Rule 60(a) cannot be invoked to change the judgment in this manner. ECF. No. 48. UP contends that Rule 60(a) only allows a district court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." *Id*. (citing *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 193 (5th Cir. 2011)). UP argues that a court's authority under Rule 60(a) is "limited to making corrections that are consistent with the court's intent at the time it entered the judgment." *Rivera*, 647 F.3d at 195. UP notes that the intent of the Court is clear in that it did exactly what the parties proposed in their Joint Statement—(1) enforced the arbitration award granting Beltran reinstatement without back pay; and (2) granted Respondents' attorneys' fees (in an amount determined by further briefing). Since the Court's judgment reflects the express agreement of the parties, UP argues there is no mistake to correct. UP further contends that the Court lacks the authority to award back pay because the RLA permits only

4

two kinds of actions: (a) those to enforce awards, 45 U.S.C. § 153, First (p); and (b) those to set aside awards, 45 U.S.C. § 153, First (q). Therefore, UP contends, nothing in the statute permits the Court to alter an award by awarding back pay and lost benefits not called for in the arbitrator's ruling. UP further contends that Beltran never provided summary judgment briefing or evidence for the Court to even determine what the award of back pay should be.

Beltran replies that the record contains sufficient evidence, submitted by UP itself, for the Court to determine an amount for a back pay award. Specifically, the collective bargaining agreement provided that car foremen, such as Beltran, are compensated at $31.78 per hour, working eight (8) hours each day, for a period of forty (40) hours each week, resulting in pay of $1,271.20 per week (excluding any overtime). ECF. No. 49.

Beltran also contends that the Court does have the authority to award back pay, and that several courts have awarded back pay after failed challenges to arbitration awards. ECF. No. 49. For example, Beltran points to *CSX Transp., Inc.*, an RLA case in which a Public Law Board ordered reinstatement of an employee without back pay after he was terminated for excessive absenteeism. *Brotherhood of Locomotive Engineers & Trainmen v. CSX Transp., Inc.*, No. 1:10CV01823, 2011 WL 4633663, at *3–4 (N.D. Ohio Sept. 30, 2011). The employer challenged the arbitration award in district court and ultimately lost, and the court ordered the employer to "pay [the employee] for all lost wages and benefits since May 23, 2010, the date by which the PLB required [the employer] to comply with the Award."

**Analysis**

Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). The scope of Rule 60(a) is very limited; it "finds application where the record

makes apparent that the court intended one thing but by merely clerical mistake or oversight did another." *Matter of West Tex. Mktg. Corp.*, 12 F.3d 497, 503 (5th Cir. 1994) (quoting *Dura-Wood Treating Co. v. Century Forest Indus., Inc.*, 694 F.2d 112, 114 (5th Cir. 1982)). "Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or [scrivener] might commit, mechanical in nature." *Id.* A mistake correctable under Rule 60(a) is even available to correct mistakes by the parties. *Matter of West Tex. Mktg. Corp.*, 12 F.3d at 503–04. The rule allows courts to modify their judgment in order to ensure that the record reflects the actual intentions of the court and the parties. *Id.* at 504.

The Court finds that amending the judgment in this case to award back pay would be inappropriate. The Court requested that the parties advise it as to what remained to be done in the case after remand, and was advised that the Court should "grant Beltran's motion for summary judgment," reinstate the Board's order, and set a briefing schedule for attorneys' fees. Although the motion for summary judgment requested back wages, nothing in the parties' advisory indicated that the Court was to affirmatively award back wages, and as a result the Court did not intend to award back wages when entering the final judgment, despite its general language granting Beltran's motion for summary judgment.

Although Beltran's four-page motion requested an award of back wages, the summary judgment briefing did not address the propriety of such an award or its amount, nor did Beltran seek such damages in his answer and counterclaim to UP's petition. UP does not appear to have agreed to such an award, and thus the Joint Advisory did not accidentally omit such an award. Nor did the Court's final judgment accidentally omit such an award; it was not the Court's intent when issuing final judgment to award back wages. The Court's judgment, which does not award back pay, is

what the Court intended, based on the parties' joint representation. The final judgment accurately reflected the way in which the case was adjudicated.

Had the Court intended to award back pay, it would have indicated such an award in the final judgment, either with an amount awarded or a method of calculating such award, or it would have provided a mechanism for the parties to submit evidence from which a back pay award could be calculated once Beltran was reinstated. It did not do these things because it did not intend to award back pay. The lack of such an award was thus not a clerical mistake. This case is thus distinguishable from *Chavez v. Balesh*, 704 F.2d 774 (5th Cir. 1983), where the court clearly indicated in its findings of fact the court's intent to award liquidated damages but then accidentally failed to include the award in its judgment. At most, Beltran intended for the grant of his summary judgment motion to result in an award of back wages, but the intent of one party alone is insufficient for Rule 60(a) relief.

Beltran requests in the alternative that the Court remand the issue of backpay to the arbitrator, citing *Marshall Durbin Companies, Inc. v. United Food & Commercial Workers Union, Local 1991*, 254 F.3d 1081 (5th Cir. 2001) (per curiam). There, the arbitrator decided that the employee should be reinstated without back pay, and instead of reinstating her, the company challenged the decision in court pursuant to the Federal Arbitration Act. The employee's union counterclaimed for enforcement of the award, including back pay from the date of the arbitrator's decision until the date of her eventual reinstatement. The district court confirmed the arbitrator's decision but refused to award the requested back pay, and the union appealed. The Fifth Circuit noted, "Though the arbitrator decided that Taylor should be reinstated without back pay, he did not address the possibility of a delay in that reinstatement due to a challenge by the Company to his decision. The collective bargaining agreement also does not address the issue of a delay in the

reinstatement of an employee due to the Company challenging the decision of an arbitrator. The arbitrator's decision is simply ambiguous on the back pay issue in this case. Where an arbitrator's decision is ambiguous, remand to the arbitrator to resolve the ambiguity is the best course of action." *Id.*

Although the Court would have considered such a remand had Beltran counterclaimed for back wages or sought remand previously, the Court finds that such relief is not appropriate by Rule 60(a) motion. Although at least one district court has remanded after review under the RLA, it did so during the normal course of the case and in a situation in which the employee/union had filed counterclaims and specifically requested damages for the period during which the employer did not comply with the arbitration award. As noted, the only request for an award of back pay in this case was in the four-page motion for summary judgment. It was not raised in Beltran's answer, no counterclaim seeking such relief was filed, and it was not briefed on summary judgment.

Accordingly, the failure to include a back pay award in the judgment was not an error, and altering the judgment by including such an award or by remanding the case is inappropriate.

## Conclusion

Beltran's Motion to Correct Clerical Error, Oversight, or Omission in Final Judgment (ECF No. 45) is DENIED.

It is SO ORDERED.
SIGNED this 20th day of September, 2021.

_____
Xavier Rodriguez
United States District Judge